JUDGE KOELTL                08 CV 00509

Philip R. White, Esq.
Loryn P. Riggiola, Esq.
Sills Cummis & Gross, P.C.
One Rockefeller Plaza
New York, New York 10020
Telephone: (212) 643-7000
Fax: (212) 643-6500
Attorneys for Mitsubishi Heavy Industries, Ltd.
and Mitsubishi Power Systems Americas, Inc.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Arbitration Between Mitsubishi Heavy Industries, Ltd. and Mitsubishi Power Systems Americas, Inc., <br><br> Petitioner, <br><br> And <br><br> Stone & Webster, Inc. <br><br> Respondent. | No. _____ <br><br> MITSUBISHI HEAVY INDUSTRIES, LTD., AND MITSUBISHI POWER SYSTEMS, INC.'S MOTION TO VACATE AN ARBITRAL AWARD PURSUANT TO 9 U.S.C. §10 |

**PLEASE TAKE NOTICE** that upon the annexed affirmation of Philip R. White executed on January 18, 2008, and upon the exhibits annexed thereto, the accompanying Memorandum of Law in support of this motion, and the pleadings herein, Petitioners Mitsubishi Heavy Industries, Ltd., ("MHI") and Mitsubishi Power Systems Americas, Inc. ("MPSA," and together with MHI, "Mitsubishi"), shall move at a time and date to be set by this Honorable Court, before United States District Judge _____, for an order pursuant to Rule 7(b) of the Federal Rules of Civil Procedure, respectfully seeking that this Honorable Court pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, vacate the partial final arbitration award (the "Award") received on November 16, 2007 in an arbitration held in connection with a

contract dispute between Petitioner Mitsubishi and Respondent Stone & Webster, Inc. ("S&W") relating to disputes arising under certain contracts for the supply of equipment and services to an electrical power generating station near Granbury, Texas.

## NATURE OF THE MOTION

1. Mitsubishi makes this Motion pursuant to 9 U.S.C. § 10 seeking to vacate the Award. As set forth in more detail in the accompanying memorandum, the arbitrators who issued the Award exceeded their authority by ruling on an issue that was not properly before them and issuing an Award that purports assess liability beyond what the Claimant was entitled to.

## THE PARTIES

2. Petitioner MHI is organized under the laws of Japan with a principal place of business at 5-1 Maruvouchi Z-Chome, Chiyoda-Ku, Tokyo, Japan.

3. Petitioner MPSA is a subsidiary of MHI. MPSA is a corporation organized under the laws of Delaware, with its principal place of business located in Lake Mary, Florida.

4. On information and belief, Respondent Stone & Webster, Inc. ("S&W") is a corporation organized under the laws of the State of Louisiana, with its principal place of business located in Baton Rouge, Louisiana. S&W is the successor to a company of the same name, which, after filing for bankruptcy in 2000, was purchased by the Shaw Group, Inc. ("Shaw"). On its website, Shaw holds itself out as a "vertically-integrated provider of comprehensive engineering, consulting, procurement, pipe fabrication, construction, and maintenance services to the power and process industries."

5. Mitsubishi and S&W are parties to an ongoing arbitration administered by the International Centre for Dispute Resolution ("ICDR") of the American Arbitration Association

("AAA") captioned *In the Matter of the Arbitration between: Stone & Webster, Inc. vs. Mitsubishi Heavy Industries, Ltd., Mitsubishi Power Systems, Inc.*, ICDR Case No. 50 T 198 00414 03. This petition seeks to vacate an award in that arbitration that purports to finally decide S&W's claim that Mitsubishi is responsible for liquidated damages associated with delay in the construction of an electrical power generating station pursuant to two related contracts: (1) Contract Between AES Wolf Hollow, L.P. and Mitsubishi Heavy Industries, Ltd. for the Supply of 2 M501G Combustion Turbine Generators and 1 Steam Turbine Generator for the AES Wolf Hollow Plant (the "Turbine Contract"), and (2) Contract between AES Wolf Hollow, L.P. and MHIA for the supply of 2 Heat Recovery Steam Generators and Auxiliaries for the AES Wolf Hollow Plant (the "HRSG Contract," and together with the Turbine Contract, the "Supply Contracts").

## JURSIDICTION AND VENUE

6. This petition is brought pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*.

7. This Court has jurisdiction of the matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and more than $75,000, exclusive of interest and costs, is at stake in the controversy.

8. The parties agreed in writing to resolve its disputes through arbitration under the Supply Contracts and agreed that "[t]he arbitration shall be held in New York, New York, which shall be the seat of arbitration." Supply Contracts, Article 20.3(iv). The parties further agreed that "[t]he arbitrators shall resolve all questions of state law by application of the substantive law of New York." *Id.*, Article 20.3(vii). S&W availed itself of these provisions by filing a Demand for Arbitration on August 29, 2003.

9. Because the Award was made in New York, New York, venue is proper in the Southern District of New York pursuant to 9 U.S.C. § 10.

### REQUEST FOR RELIEF

Petitioner Mitsubishi Heavy Industries, Ltd. and Mitsubishi Power Systems Americas, Inc. respectfully request that this Court enter an Order pursuant to 9 U.S.C. § 10:

(i) declaring that the majority's Partial Final Award exceeded the arbitrators' authority and manifestly disregarded the terms of the agreements and the law;

(ii) vacating the Partial Final Award; and

(iii) awarding such other and further relief as this Court may deem just and proper.

Petitioner Mitsubishi Heavy Industries, Ltd. and Mitsubishi Power Systems Americas, Inc. respectfully request Oral Argument on its Motion to Vacate.

Dated: January 18, 2008

Respectfully submitted,

Philip R. White, Esq.
Loryn P. Riggiola, Esq.
Sills Cummis & Gross, P.C.
One Rockefeller Plaza
New York, New York 10020
Telephone: (212) 643-7000
Fax: (212) 643-6500
Attorneys for Mitsubishi Heavy Industries, Ltd. and Mitsubishi Power Systems, Inc.

By: /s/ Philip R. White
PHILIP R. WHITE

## CERTIFICATE OF SERVICE

I, Philip R. White, Esq., hereby certify that on January 18, 2008, I caused to be served by hand delivery a true and correct copy of following:

1. Civil Cover Sheet;

2. Petition To Vacate Award Of Arbitrators Pursuant To 9 U.S.C. § 10;

3. Affirmation Of Philip R. White In Support Of Motion To Vacate;

4. Motion To Vacate Arbitration Award Pursuant to 9 *U.S.C.* §10;

5. Memorandum Of The Petitioners In Support Of Their Motion To Vacate;

6. Proposed Order Vacating the Arbitration Award; and

7. Rule 7.1 Statement.

On Respondent Stone & Webster, Inc. through their counsel of record who has agreed to accept service on behalf of Stone & Webster, Inc. at the following address:

> Robert Peckar, Esq.
> Peckar & Abramson, P.C.
> 70 Grand Avenue
> River Edge, New Jersey 07661

_____
PHILIP R. WHITE

Dated: January 18, 2008